NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH R. KENT,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2023-1329

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-17-0171-I-1.

---

Before LOURIE, PROST, and STOLL, *Circuit Judges.*

PER CURIAM.

## O R D E R

Because Kenneth R. Kent pursued discrimination claims before the Merit Systems Protection Board and stated that he does not wish to abandon those claims on judicial review, the court directed the parties to show cause why this case should not be transferred to a United States district court. The agency's response urges transfer to the United States District Court for the District of Arizona, where Mr. Kent appears to currently reside. Mr. Kent responds and continues to argue his discrimination claim.

Federal district courts, not this court, have jurisdiction over "[c]ases of discrimination subject to the provisions of [5 U.S.C.] § 7702," i.e., cases involving adverse actions appealable to the Board and allegations of covered discrimination. 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 432 (2017); 5 U.S.C. § 7702(a)(1). This case indisputably meets those criteria. This court therefore lacks jurisdiction over this petition.

We may transfer a case pursuant to 28 U.S.C. § 1631 to a court where "the action or appeal could have been brought." Because Mr. Kent pursues a claim of discrimination under the Civil Rights Act of 1964, this action is governed by the restrictions set forth in 42 U.S.C. § 2000e-5(f). *See* 5 U.S.C. § 7703(b)(2) ("Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16(c)) . . . ."); 42 U.S.C. § 2000e–16(c) (specifying a federal employee or applicant "may file a civil action as provided in section 2000e-5").

That statute directs that such a case is set to be brought in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." § 2000e-5(f)(3). The agency has not shown that transfer to the District of Arizona is appropriate. We instead transfer to the United States District Court for the District of Colorado, where the employment action occurred.

Accordingly,

IT IS ORDERED THAT:

Pursuant to 28 U.S.C. § 1631, this case and all transmittals are transferred to the United States District Court for the District of Colorado.

FOR THE COURT

February 5, 2024
Date

Jarrett B. Perlow
Clerk of Court